IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      v.                                      Criminal Action No. 1:06CR80

TYRONE A. LEWIS,
a/k/a "New York" a/k/a "Ty,"
      Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Tyrone Lewis, in person and by counsel, Scott A. Shough, appeared before me on May 23, 2007. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Three of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement.

During the summarization of the plea agreement, the AUSA reported that at recent sentencing hearings, the Honorable Irene M. Keeley, Chief District Judge for the Northern District of West Virginia raised the issue of a newly-promulgated, but not adopted amendment to the Sentencing Guidelines that would adjust the quantity thresholds for crack cocaine so that the base offense level for crack would be reduced by two levels.[1] Chief Judge Keeley further directed the

---

[1] On April 27, 2007, the [United States Sentencing] Commission promulgated an amendment to USSG §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to adjust the quantity thresholds for crack cocaine ("cocaine base")

AUSA in pending and future plea agreements to address this issue.[2] AUSA Morgan represented that it was the Government's position that the waiver contained in Paragraph 12 of the written Plea Agreement is a "solid" waiver, binding Defendant, without the right to appeal that issue. AUSA Morgan did suggest, however, that the sentencing hearing in this matter be postponed until after

---

so that the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels. The amendment results in the base offense level corresponding to a guideline range that includes the five-year and ten-year mandatory minimum term of imprisonment for five and 50 grams of crack cocaine, respectively. Prior to the amendment, at least five grams but less than 20 grams of cocaine base were assigned a base offense level of 26 (63 to 78 months at Criminal History Category I), and at least 50 grams but less than 150 grams of cocaine base were assigned a base offense level of 32 (121 to 151 months at Criminal History Category I). Pursuant to the amendment, those same quantities of cocaine base will be assigned a base offense level of 24 (51 to 63 months at Criminal History Category I) and 30 (97 to 121 months at Criminal History Category I), respectively.

The amendment also addresses how to determine the base offense level in a case involving cocaine base and other controlled substances. Prior to the amendment, there was a mathematical relationship among all drug types that was used to structure both the Drug Quantity Table and the Drug Equivalency Tables. As a result, the marihuana equivalencies set forth in Drug Equivalency Table could be used to determine the base offense level in any case involving differing controlled substances. By restructuring the Drug Quantity Table for cocaine base offenses only, the amendment will alter the mathematical relationship between cocaine base and other drug types to varying degrees throughout the Drug Quantity Table. The amendment, therefore provides an alternative method for determining the combined offense level in an offense involving cocaine base and other drugs.

The amendment, [] absent congressional action to the contrary, becomes effective November 1, 2007[.]

United States Sentencing Commission Report to the Congress: Cocaine and Federal Sentencing Policy (May 2007).

[2] The undersigned notes that this matter has been transferred by Chief Judge Keeley to the docket of the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia.

November 1, 2007, so that, should the promulgated amendment became effective, Defendant might have the benefit, if any, of that amendment at sentencing.

Upon inquiry, Defense Counsel Shough agreed that it would be appropriate in this case to recommend that sentencing not take place until after November 1, 2007.

The undersigned United States Magistrate Judge agreed to and does hereby **RECOMMEND** that sentencing in this case be conducted after November 1, 2007, in order that Defendant may secure the benefit, if any, of the promulgated but not enacted amendment to the Guidelines.

Counsel for Defendant then stated that the Government's summary of the Plea Agreement, with the additional discussion of the promulgated sentencing guidelines amendment, was correct. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written

waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Tyrone Lewis, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. Defendant also stated he understood the discussion regarding the newly-promulgated sentencing guidelines amendment.

The undersigned then reviewed with Defendant Count Three of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Three of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) year but not more than forty (40) years; understood the maximum fine that could be imposed was $2,000,000.00; understood that both fine and imprisonment could be imposed; understood he would

4

be subject to a period of six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated April 9, 2007, and signed by him on April 26, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to §§ 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about April 4, 2006, at or near Clarksburg, Harrison County, West Virginia, the defendant, aided and abetted by the other co-defendant, unlawfully, knowingly and intentionally distributed approximately 2.07 grams of cocaine base, also known as "crack" within 1000 feet of the Monticello Avenue Playground. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 50 grams but less than 150 grams of cocaine base, all of which involved was possessed and/or distributed within 1000 feet of a protected location.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count Three of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Three of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the

written plea agreement, and determined he understood those rights and voluntarily gave them up pursuant to the condition stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging him with aiding and abetting in unlawfully, knowingly and intentionally distributing approximately 2.07 grams of cocaine base, also known as "crack" within 1000 feet of the Monticello Avenue Playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Brian Purkey and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count Three of the Indictment.

Brian Purkey testified that he is a Sergeant with the City of Bridgeport Police Department, assigned as Commander of the Harrison/Lewis County Drug and Violent Crime Task Force. He was involved in the investigation of Defendant and his co-defendant Lateef Lingham. On April 4, 2006, a controlled buy was made from Defendant and Lingham at the Vets Club on Monticello Avenue, within 1000' of the Monticello Avenue Playground in Clarksburg, Harrison County, West Virginia, within the Northern District of West Virginia. Defendant and Lingham aided and abetted each other in the distribution of crack cocaine to a confidential informant for $150.00. On that date, the Monticello Avenue Playground had three or more separate apparatuses. The controlled buy was digitally recorded by both audio and video means. The West Virginia State Police laboratory confirmed the drugs sold to be 2.07 grams of cocaine base.

The defendant stated he had heard, understood, and agreed with all the facts in Sgt. Purkey's testimony. Thereupon, Defendant, Tyrone Lewis, with the consent of his counsel, Scott A. Shough, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment. The defendant then testified he believed he was guilty of the crime charged in Count Three of the Indictment because Lateef Lingham came to him inside the Vets Club on Monticello Avenue and asked him for crack. He gave the crack to Lingham, who then gave it to somebody else.

From the testimony of Sgt. Purkey, the undersigned Magistrate Judge concludes the offense charged in Count Three of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Sgt. Purkey as well as by Defendant's own allocution.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

For reasons stated on the record and in this Report and Recommendation, the undersigned United States Magistrate Judge respectfully recommends that sentencing in this matter be postponed until after November 1, 2007.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 25th day of May, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE